IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN BERNDT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELOITTE & TOUCHE LLP et al. | : | NO. 12-cv-2157 |

MEMORANDUM ORDER

AND NOW, this 25th day of July, 2012, upon consideration of Plaintiff's Motion to Transfer Venue (Doc. No. 23), Defendants' opposition thereto (Doc. No. 25), and Plaintiff's reply (Doc. No. 28), it is hereby ORDERED that Plaintiff's transfer motion (Doc. No. 23) is DENIED WITHOUT PREJUDICE.  It is further ORDERED that counsel for both parties shall furnish Judge Engelmayer (S.D.N.Y.) and Judge Berman (S.D.N.Y.) with a copy of this Order no later than July 27, 2012.  If circumstances change, e.g., either Judge Berman or Judge Engelmayer manifests a willingness to consolidate this matter with his respective parallel proceeding, Plaintiff may renew his § 1404(a) transfer motion.

I.   Factual Background and Procedural History

This case is one of several putative class actions in which plaintiffs complain that Defendants, Deloitte & Touche LLP and Deloitte LLP (together, "Deloitte"), misclassified plaintiffs and other non-licensed audit employees as exempt and accordingly failed to pay them overtime compensation in violation of various labor laws.  A brief chronology follows.

| Date | Case Number and Jurisdiction | Summary of Action |
|---|---|---|
| 4/11/11 | *Gersten v. Deloitte & Touche LLP*, No. 11-cv-2461 (S.D.N.Y.) | Filing of class action complaint alleging violations of Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Case assigned to Judge Richard Berman. |
| 4/26/11 | *James v. Deloitte & Touche LLP*, No. 11-cv-2027 (N.D. Cal.). | Filing of collective action complaint alleging violations of FLSA only. Case assigned to Judge James Ware. |
| 6/23/11 | *James v. Deloitte & Touche LLP*, No. 11-cv-2027 (N.D. Cal.). | Judge Ware transfers the *James* action to the Southern District of New York (11-cv-4554) |
| 11/22/11 | *In re Deloitte & Touche LLP Overtime Litigation*, No. 11-cv-2461 (S.D.N.Y.) | Judge Berman consolidates the *Gersten* and *James* actions under the name *In re Deloitte & Touche LLP Overtime Litigation*. |
| 12/16/11 | *In re Deloitte & Touche LLP Overtime Litigation*, No. 11-cv-2461 (S.D.N.Y.) | Judge Berman issues an Order granting plaintiffs' motion for conditional class certification. |
| 2/20/12 | *Berndt v. Deloitte & Touche LLP*, Case ID: 120202193 (Phila. C.P.) | Filing of class action complaint in Philadelphia Court of Common Pleas alleging claims under the Pennsylvania Minimum Wage Act (PMWA) only (no FLSA claim). |
| 4/20/12 | *Berndt v. Deloitte & Touche LLP*, No. 12-cv-2157 (E.D. Pa.) | Defendants remove *Berndt* action to this Court pursuant to the Class Action Fairness Act (CAFA). |
| 5/30/12 | *Bukhari v. Deloitte & Touche LLP*, No. 12-cv-4290 (S.D.N.Y.) | Filing of class action complaint alleging violations of Massachusetts, Minnesota, and Ohio state labor laws only (no FLSA claim). Case referred to Judge Berman as potentially related to the now-consolidated *James* action. |
| 5/31/12 | *Berndt v. Deloitte & Touche LLP*, No. 12-cv-2157 (E.D. Pa.) | Plaintiff moves pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the Southern District of New York for potential consolidation with *In re Deloitte & Touche LLP Overtime Litigation* and/or *Bukhari*. Defendants oppose the transfer. |
| 6/13/12 | *Bukhari v. Deloitte & Touche LLP*, No. 12-cv-4290 (S.D.N.Y.) | Judge Berman declines *Bukhari* as a related case. The case is subsequently assigned to |

| | | |
|---|---|---|
| | | Judge Paul Engelmayer.  As a result, two different judges in the Southern District of New York are now handling these parallel suits. |
| 6/28/12 | *Berndt v. Deloitte & Touche LLP*, No. 12-cv-2157 (E.D. Pa.) | On Defendants' request, this Court issues an Order holding Plaintiff's transfer motion in abeyance until July 19, 2012 pending developments in *Bukhari*.  In making this request, Defendants strongly implied that they may seek to transfer *Bukhari* to Massachusetts, Minnesota, and/or Ohio.  (See Doc. No. 25, at 3-4, 7-8).  Defendants made no mention of moving to transfer *Bukhari* to this Court. |
| 7/17/12 | *Bukhari v. Deloitte & Touche LLP*, No. 12-cv-4290 (S.D.N.Y.) | Without prior notice to this Court, Defendants move to transfer *Bukhari* (a putative class action brought by Massachusetts, Minnesota, and Ohio plaintiffs under Massachusetts, Minnesota, and Ohio law against a company headquartered in New York) to the Eastern District of Pennsylvania. |

Given the above, we face a rather unusual situation.  Through his counsel, Plaintiff Berndt, who (1) lives in *Pennsylvania*, (2) seeks to represent a class of *Pennsylvania* employees, (3) complains only of violations of *Pennsylvania* law, and (4) originally brought this suit in *Pennsylvania* state court, has asked us to transfer this matter to the *Southern District of New York* for consolidation, even though Judge Berman, our colleague in New York handling the consolidated matter, has already declined Bukhari (a parallel state-law-only case) as unrelated.  What's more, Defendant Deloitte, a *New York*-based corporation that previously argued in James that the *Southern District of New York* was a more convenient forum,[1] not only opposes our

---

[1]In James, Deloitte argued, e.g., that the Southern District of New York was a more convenient forum because Deloitte's headquarters are in New York; Deloitte makes and implements
(continued...)

3

transfer of the instant matter to New York but has also moved to transfer <u>Bukhari</u>, a case with no discernable ties to Pennsylvania, from New York to the *Eastern District of Pennsylvania*.

It seems to us that both parties are forum shopping for strategic reasons and actually care little about the "convenience of parties and witnesses." 28 U.S.C. § 1404(a). After all, each side wants to litigate this matter in what would appear to be a forum less convenient for the party making the request: the Pennsylvania Plaintiff (or at least his lawyer) wants to litigate in New York, and the New York Defendants want to litigate in Pennsylvania. As explained herein, we exercise our discretion and decline to transfer this matter to the Southern District of New York. Considering the current procedural posture of the parallel New York cases, as well as the differences among the wage and hour laws of the relevant states as highlighted by Deloitte (<u>see</u> Doc. No. 25, at 7), we see little chance of consolidation of the state-law-focused cases against Deloitte (in New York or elsewhere) absent a formal MDL. Under the circumstances, we will not burden a (potentially third different) New York judge with our Pennsylvania-specific case.

II.     <u>Legal Analysis</u>

Pursuant to 28 U.S.C. § 1404(a), we may transfer a civil action to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." In analyzing a § 1404(a) transfer motion, we consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." <u>Salovaara v. Jackson Nat'l Life Ins. Co.</u>, 246 F.3d 289, 297-98 n.5 (3d Cir. 2001) (quoting <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995)). Such,

---

[1](...continued)
certain operative decisions in New York; and a court in the Southern District of New York could most easily monitor injunctive relief.

factors may include, e.g., the "plaintiff's forum preference as manifested in the original choice"; the defendant's preference; where the claim arose; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; the location of books and records; the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80. "The burden of establishing the need for transfer . . . rests with the movant." Id. at 879.

Here, Plaintiff's primary argument for transfer sounds in judicial economy, i.e., "practical considerations that could make the trial easy, expeditious, or inexpensive." (See Doc. No. 24, at 5-7; Doc. No. 28). Specifically, Plaintiff argues that we should transfer this case to the Southern District of New York so that it can be consolidated with Bukhari, a case concerning facts and circumstances similar to those in our matter. As the Plaintiff sees it, "[c]onsolidation of these actions in a single federal court would therefore be easier, more expeditious, and less expensive – and less wasteful of judicial resources– than litigating this action and the Gersten, James, and Bukhari actions in two separate tribunals." (Doc. No. 24, at 7).

In theory, we agree. As the Supreme Court has cautioned, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)). However, as circumstances currently stand, we have

little reason to believe that our colleagues in the Southern District of New York would actually consolidate this matter with either <u>Bukhari</u> or <u>In re Deloitte & Touche LLP Overtime Litigation</u>.

As noted *supra*, the <u>Bukhari</u> matter was initially referred to Judge Berman as potentially related to the previously consolidated <u>In re Deloitte & Touche LLP Overtime Litigation</u>. But Judge Berman declined to consider <u>Bukhari</u> a "related" case. As such, <u>Bukhari</u> was randomly assigned to Judge Engelmayer. Consequently, two different judges in New York are now handling these parallel labor law cases against Deloitte. Against this backdrop, we see nothing indicating that either Judge Berman or Judge Engelmayer would consolidate this Pennsylvania case with either <u>In re Deloitte & Touche LLP Overtime Litigation</u> or <u>Bukhari</u>. In other words, although consolidation might be legally permissible under, e.g., Federal Rule of Civil Procedure 42(a), we perceive no impending consolidation here.

And Judge Berman and Judge Engelmayer would certainly have the discretion to decide against consolidating our case, brought by Pennsylvania plaintiffs under Pennsylvania law, with either of their cases, which have nothing to do with Pennsylvania. Although the factual allegations (and hence, the likely factual discovery) of all the plaintiffs undoubtedly overlap, the relevant states all have distinctive wage and hour laws. As Deloitte points out, Massachusetts, Minnesota, Ohio, and Pennsylvania all have different statutes of limitations, damages provisions, and/or exemption definitions. (<u>See</u> Doc. No. 25, at 7 & n.2). Similarly, Plaintiff concedes that "the overtime exemptions under the PMWA are narrower than the FLSA's." (Doc. No. 28, at 3). Facing these multiple, diverse, state-specific labor laws, a reasonable judge might rightfully conclude that consolidation is not warranted. In fact, it appears to us that Judge Berman already implicitly rejected the idea of consolidation by refusing the <u>Bukhari</u> matter. If we were to

transfer our matter to New York, we run the very real risk that a third different judge in the same court would be assigned to the case. For these reasons, judicial economy concerns do not weigh in favor of transferring this case to the Southern District of New York.

  Plaintiff also argues that we should respect his choice of forum, and he now wants to litigate this case in the Southern District of New York. In a typical case, the plaintiff's choice of forum is entitled to some deference in the § 1404(a) context. However, this is no typical case. Under normal circumstances, the plaintiff brings suit in his desired forum and the defendant seeks transfer to a more "convenient" jurisdiction. Hence the Jumara court's suggestion that we consider the "plaintiff's forum preference *as manifested in the original choice*" in our § 1404(a) analysis. 55 F.3d at 879. Here, *the Plaintiff, not the Defendant*, has moved for transfer. As "manifested in [Plaintiff's] original choice," Plaintiff preferred to litigate this matter in Pennsylvania state court, not New York federal court. Moreover, "the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action." In re Warrick, 70 F.3d 736, 740-41 & n.7 (2d Cir. 1995) (citation omitted). For these reasons, we see no persuasive rationale to defer to Plaintiff's request to transfer his own case to the Southern District of New York. If Plaintiff wished to litigate in New York, he could have filed there originally (just like the Bukhari plaintiffs did).

  The "convenience of parties and witnesses" factor cuts both ways. On the one hand, litigating in New York would be more convenient for Deloitte because Deloitte is headquartered there. On the other hand, litigating in Pennsylvania would be more convenient for Berndt, a Pennsylvania citizen and resident, and those current and former Deloitte employees Berndt hopes to represent in this putative class action, also citizens of Pennsylvania. And Berndt, as an

individual, undoubtedly "lacks the resources to which Defendants have access." (Doc. No. 24, at 8). Thus, this factor is either neutral or weighs slightly against transfer.

Likewise, many of the other Jumara factors do not point strongly in one direction or the other. Berndt's claim arose in Pennsylvania, but Deloitte allegedly established, implemented, and enforced its unlawful policy of classifying non-licensed audit employees as overtime exempt in the Southern District of New York. Both Pennsylvania and New York have a "local interest" in this matter because the (proposed) Plaintiffs are Pennsylvania citizens but Deloitte is based in New York. We do not doubt our ability to adequately enforce any judgment in this matter, and we assume the judges in New York feel the same. Both this Court and the Southern District of New York have busy dockets. See Federal Court Management Statistics, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/DistrictCourtsSep2011.aspx (Sept. 2011). And "[t]he technological advances of recent years have significantly reduced the weight of [the location of the books and records] in the balance of convenience analysis." InfoMC, Inc. v. Comprehensive Behavioral Care, Inc., Civ. No. 10–4907, 2012 WL 1114360, at *17 (E.D. Pa. Mar. 30, 2012) (citation omitted).

Finally, this Court likely has greater familiarity with the PMWA than does the Southern District of New York. This weighs against transfer. See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 645 (1964) ("There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.") (citation omitted); In re E. Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 196 (E.D.N.Y. 1994)

("Federal courts have generally favored adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision.") (citations omitted).

After due deliberation, we conclude that we would not serve the interests of justice by transferring this case to the Southern District of New York.  If circumstances change, e.g., either Judge Berman or Judge Engelmayer indicates that he wishes to consolidate this matter with <u>In re Deloitte & Touche LLP Overtime Litigation</u> (Berman, J.) or <u>Bukhari</u> (Engelmayer, J.), we may reconsider our position.

III.    <u>Conclusion</u>

For the aforementioned reasons, Plaintiff's Motion to Transfer Venue (Doc. No. 23) is DENIED WITHOUT PREJUDICE.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.